LUXENBURGH et al. v. COHEN et al.

(City Court of New York, General Term.  June 14, 1899.)

DIRECTING VERDICT.

> Where the evidence is conflicting in regard to an issue, it is error to refuse to submit it to the jury.

Appeal from trial term.

Action by Jonas Luxenburgh and another against Michael Cohen and another.  From a judgment in favor of plaintiffs, defendants appeal.  Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and SCHUCHMAN, JJ.

Platzek, Stroock & Herzog, for appellants.

Steuer & Levy, for respondents.

PER CURIAM.  The learned trial court directed a verdict in favor of the plaintiffs upon all the issues except that of value.  The defendants asked leave to go to the jury upon all the issues in the case, and also upon the issue whether or not the plaintiffs were the owners and entitled to the possession of the goods mentioned and described in the complaint, which request was refused, and the ruling thereon duly excepted to by the defendant.  After a careful examination of this record, we are of opinion that the refusal of the trial judge to submit these questions to jury was error, for which a reversal of the judgment must be had, and a new trial ordered.  On cross-examination, the plaintiffs' witness Garber testified:

> "On November 21st of this year, within a few weeks of this trial, I remember having made a statement to a representative of Bradstreet's Mercantile Agency that the name of the partners of the Oriental Manufacturing Company were Aaron Garber and Abraham Bunimowitz.  I stated, also, on that day, that that firm was formed about a year ago, and that that firm constituted the Oriental Manufacturing Company."

The assistant to the deputy sheriff testified that the property in question, at the time the attachment was levied, was claimed by this witness, Garber.  The witness Krupnick testified:

> "I know of my own knowledge that Goldstein paid with checks for the goods that were marked, 'The Oriental Manufacturing Company.'  The goods were placed in his store and in the cellar afterwards.  I carried down a good part myself."

And later:

> "The goods that were marked for Goldstein were right in the same place that the goods marked for the Oriental Manufacturing Company were, and part of each kind of those goods were paid for by Goldstein."

If the plaintiffs were not the owners and entitled to the possession of the goods, then they could not recover in this case; and, without referring further to the evidence, it is sufficient to say that the testimony quoted made a case for the jury to determine.  We are also of the opinion that the amount of goods taken under the attachment was in controversy, and that that question, as well as the one of

ownership, should have been submitted to the jury for their determination.

Judgment and order appealed from reversed, and a new trial ordered, with costs to the appellants to abide event.